**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

              - against -

YADIRA REYNOSO,

              Defendant.

---

21 Cr. 93 (VM)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/21/2025

**VICTOR MARRERO, United States District Judge.**

Pending before the Court is Defendant Yadira Reynoso's ("Reynoso") motion to modify the conditions of her pretrial release to remove home detention and location monitoring or, in the alternative, remove home detention but retain location monitoring with a curfew implemented. (See Dkt. No. 343.) The Government opposed the motion, arguing that Reynoso poses a flight risk due to her association with another defendant in this action who was an alleged leader in the narcotics organization of which Reynoso stands accused of being a member. (See Dkt. No. 351). Reynoso filed a reply, supplementing her initial filing with additional facts supporting the motion, including family circumstances. (See Dkt. No. 371.)

The Court is not persuaded that Reynoso's conditions of release should be modified. When considering an application to modify a defendant's bail conditions, the Court considers

1

"the statutory standards applicable to the setting of bail." United States v. Zuccaro, 645 F.2d 104, 106 (2d Cir. 1981). Specifically, the Court considers the nature and circumstances of the offenses charged, the weight of the evidence against the defendant, the defendant's personal characteristics and criminal history, and the nature of the danger to the community posed by modifications. See 18 U.S.C. § 3142(g). With these considerations in mind, the Court finds no compelling reason to revisit the Magistrate Judge's initial determination that Reynoso be held in home confinement with location monitoring. Reynoso is charged with racketeering conspiracy, narcotics conspiracy, and using or carrying a firearm in relation to a drug trafficking crime. (See Dkt. No. 276). The home confinement conditions Reynoso now seeks to modify are clearly the least restrictive conditions that would reasonably assure her appearance and the safety of the public given the nature of the charges. See 18 U.S.C. § 3142(c)(1)(B). Reynoso has not identified a change in circumstances from the time the conditions of release were imposed and there is accordingly no basis to find that this requested modification would reasonably assure Reynoso's appearance and the safety of the public. See United States v. Dzhamgarova, 21 Cr. 58, 2021 WL 3113036, at *2 (S.D.N.Y. July 21, 2021).

3

    Therefore, Reynoso's motion (Dkt. No. 343) to modify the conditions of her pre-trial release is denied.

**SO ORDERED.**

Dated:    21 May 2025
            New York, New York

                                            _____
                                                Victor Marrero
                                                  U.S.D.J.